NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| : | |
| MARK C. MEADE,                            : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Plaintiff,          : | **OPINION** |
| : | |
| v.                 : | Civil Action No. 11-cv-4077 (DMC)(JAD) |
| : | |
| KIDDIE ACADEMY DOMESTIC          : | |
| FRANCHISING, et. al.,                   : | |
| : | |
| Defendants.       : | |
| : | |

**DENNIS M. CAVANAUGH, U.S.D.J.:**

This matter comes before the Court upon the Motion filed by Defendants CIT Group Inc. ("CIT Group") and Mark E. Moreno (the "CIT Group Defendants"), and upon the Motion filed by Defendants Kiddie Academy Domestic Franchising, LLC ("Kiddie Academy"), William Endres, Gregory Helwig, Michael Miller, Steven Troy, and Susan Wise (the "Kiddie Academy Defendants") (collectively, "Defendants"), to Dismiss the Complaint of Plaintiff Mark C. Meade ("Plaintiff"). ECF Nos. 3, 6.  Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motions are **granted**.

## I.    BACKGROUND[1]

This case involves alleged fraudulent statements and misrepresentations made in connection

---

[1]The facts in this section are taken from the Amended Complaint, which for the purposes of this Motion, are assumed to be true.

with a franchise agreement.  Plaintiff is Mark C. Meade, the President of the Dasoda Corporation ("Dasoda"), representing himself in this action.  Kiddie Academy is a franchisor of child care learning centers.  William Endres, Gregory Helwig, Michael Miller, Steven Troy, and Susan Wise are employees of Kiddie Academy.  Kiddie Academy and Dasoda are the parties to a Franchise Agreement entered into for the operation of a Kiddie Academy franchise in Jackson, New Jersey, on November 15, 2006 (the "Franchise Agreement").  Ex. B to Decl. of Craig R. Tractenberg ("Tractenberg Decl."), ECF No. 7-3.  CIT Group loaned Dasoda funds to purchase and operate the Kiddie Academy franchise at issue.  Mark E. Moreno is a former employee of CIT Group.

On January 10, 2011, Kiddie Academy filed a law suit in connection with the Franchise Agreement against Plaintiff in Harford County, Maryland.  On February 16, 2011, Plaintiff filed a law suit against Defendants before this Court.  Plaintiff also filed the present Complaint in the Superior Court of New Jersey, Law Division, Morris County, which the Kiddie Academy Defendants removed to this Court on July 15, 2011.  ECF No. 1.  Each of these cases arose out of the same underlying facts.  On October 25, 2011, this Court entered an order dismissing Plaintiff's February 16, 2011 law suit, holding that Plaintiff did not satisfy pleading requirements, that Plaintiff lacked standing to file the law suit, that Plaintiff's claims were subject to the arbitration provisions of the Franchise Agreement, and that this Court was the wrong forum for Plaintiff's action.  Civil Action No. 11-900, ECF Nos. 10, 11.

The present Complaint provides more elaboration than the Complaint previously dismissed

by this Court.[2]  Plaintiff complains that Defendants took advantage of the fact that he was a first time business owner with "no experience in the field of child care," and fraudulently induced Plaintiff into signing the Franchise Agreement.  In Count One of the Complaint, Plaintiff alleges a cause of action for fraud, and states that Defendants misstated and omitted material facts, and grossly overstated the financial performance data used to induce Plaintiff into signing the Franchise Agreement.  To this end, Plaintiff states that Kiddie Academy claimed that all of their schools had "100% full time capacity," but in reality, "only one of [Kiddie Academy's] 70 odd schools has 100% capacity . . . ." In Count Two, Plaintiff alleges another cause of action for fraud, arguing that Defendants misrepresented the ongoing costs to operate the business in an effort to induce Plaintiff into signing the Franchise Agreement.  In Count Three, Plaintiff complains that Defendants fraudulently induced him to obtain and guaranty a Small Business Administration (SBA) loan, and that no reasonable person would have recruited Plaintiff for such a loan because he was an "unlikely candidate," given his credit score and other factors.  Additionally, Plaintiff alleges that the Kiddie Academy Defendants breached numerous promises in the Franchise Agreement, including that they did not help find Plaintiff a suitable location for his franchise, and that they "failed to assist plaintiff in lease negotiation, failed to assist in the construction . . . as promised, [and failed to assist in] teacher

---

[2] The Complaint previously dismissed by this Court consisted of only one page, which contained a brief statement of jurisdiction and generic allegations that Defendants (1) made false and misleading statements or omissions that Plaintiff relied on to enter into the franchise agreement; (2) made false and misleading statements in the preparation of an SBA business loan; (3) failed to provide services promised by the franchise; (4) misrepresented that Plaintiff would earn substantial income; and (5) caused Plaintiff to enter into agreements with equipment and service providers that were harmful to Plaintiff.

instruction, classroom set up, training, and licensing requirements . . . ."[3]  In Count Four,  Plaintiff complains that the "preferred vendors" provided by the Kiddie Academy Defendants supplied inferior and hazardous goods at inflated prices.  Count Four also includes allegations that Defendants misrepresented which territories were available for franchising, which prevented Plaintiff from finding a location closer to his home.  Finally, in Count Five, Plaintiff alleges that while Dasoda was in voluntary Chapter 11 bankruptcy proceedings, Defendant Gregory Helwig conspired with the landlord of Plaintiff's leased space to convey Plaintiff's ownership and franchise license to another individual.

In addition to these Counts, Plaintiff alleges a host of other wrongdoings by Defendants in the opening statement to his Complaint, including violations of the New Jersey Franchise Practices Act, violations of the New Jersey Consumer Fraud Act, state and federal RICO act violations, and violations of the Securities and Exchange Acts of 1933 and 1934.  In this same section, Plaintiff also states that Defendants have committed several other criminal acts in perpetuation of the alleged fraud, including bank fraud, mail fraud, wire fraud, and loan and application fraud.

The CIT Group Defendants filed their Motion to Dismiss the present Complaint on August 4, 2011. Plaintiff filed Opposition papers on or about September 6, 2011, and on or about November 22, 2011.[4]  The CIT Group Defendants filed a reply on November 30, 2011.  ECF No. 10.  The Kiddie Academy Defendants filed their own Motion to Dismiss the present Complaint on November 4, 2011.  Plaintiff filed Opposition on December 6, 2011.  The Kiddie Academy Defendants filed

---

[3] Plaintiff numbers two different counts as "Count Three."

[4] Plaintiff's papers were not submitted to the Court's electronic filing system.

a Reply on December 9, 2011.  ECF No. 12.  The matter is now before this Court.

## II.   **LEGAL STANDARDS**

A. FED. R. CIV. P. 12(b)(6)

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."  Bell Atl. Corp., 550 U.S. at 555

B. FED. R. CIV. P. 9(b)

Fraud-based claims are subject to FED R. CIV. P. 9(b).  Dewey v. Volkswagen AG, 558 F. Supp. 2d 505, 524 (D.N.J. 2008) (". . . claims 'sounding in fraud' are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).").  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  A plaintiff must state the circumstances of the alleged fraud "with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'"  Frederico v. Home

-5-

Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id.

### III.  **DISCUSSION**

The CIT Group Defendants argue that the Complaint should be dismissed as to them because Plaintiff has failed to state a cause of action, and because Plaintiff has not met the pleading requirements of FED. R. CIV. P. 9(b).  After a thorough reading of the Complaint, the Court agrees with the CIT Group Defendants.  At no point does Plaintiff specifically identify any wrongful act or omission by CIT Group or Mark E. Moreno.  While Plaintiff does indicate that the CIT Group Defendants participated in the SBA loan acquisition, Plaintiff does not indicate what possible "false statements" the CIT Group Defendants made.  Nor does Plaintiff identify any other conduct by the CIT Group Defendants that would give rise to a cause of action.  All the Complaint indicates is that CIT Group, a financial institution, provided Plaintiff with an SBA loan.  This does not state a cause of action for fraud, let alone satisfy the strict pleading requirements of FED. R. CIV. P. 9(b). Accordingly, the CIT Group Defendants' Motion will be granted.

The Kiddie Academy Defendants also move to dismiss the Complaint, and rely on essentially the same grounds that this Court based its dismissal of Plaintiff's initial Complaint on.  The Kiddie Academy Defendants argue that Plaintiff still does not have standing to pursue this law suit, that the Franchise Agreement disclaims the alleged misrepresentation that Plaintiff relies on, and that the

Franchise Agreement prohibits improper filing in this forum and venue. Kiddie Academy Defs.' Mot. Br. 10. The Court agrees with the Kiddie Academy Defendants.

In Plaintiff's prior action, this Court noted that absent a direct individual injury, a corporate shareholder or officer lacks standing to sue for an injury to the corporation, and that the president and principal shareholder of a corporation cannot claim damages to the corporation as his own Cent. Jersey Freightliner, Inc. v. Freightliner Corp., 987 F.Supp. 289, 301 (D.N.J. 1997); Borkowski v. Fraternal Order of Police, Philadelphia Lodge No. 5, 155 F.R.D. 105, 113 (E.D.Pa. 1994). This action concerns the same Franchise Agreement, entered into by Dasoda and Kiddie Academy, as Plaintiff's prior action. Plaintiff argues, however, that the above cases do not govern his situation. Relying on York Chrysler-Plymouth, Inc. v. Chrysler Credit Corp., 447 F.2d 786 (5th Cir. 1971) and Kavanaugh v. Ford Motor Co., 353 F.2d 710 (7th Cir. 1965), Plaintiff argues that the Franchise Agreement made him "essential to the operation of the enterprise and thus I have standing to bring this action . . . ." The holdings in these cases were strictly limited to the Automobile Dealers' Day in Court Act, however, which is not implicated in this matter. Further, a central premise of the Seventh Circuit's Opinion in Kavanaugh is not present in this case. There, the Seventh Circuit noted that the Ford Motor Company controlled the corporate dealership, as it owned all of the voting stock and controlled three of the four positions on the board of directors. Kavanaugh 353 F.2d at 717. The Seventh Circuit thus found it inconceivable that the Corporation would ever sue Ford on its own behalf, and granted the individual a right to sue in his own name. Id. That is not the case here, and Plaintiff has therefore not demonstrated that he has standing to sue in his own name for wrongs allegedly done to Dasoda.

Additionally, the terms of the Franchise Agreement itself require dismissal of Plaintiff's case. As the Court previously noted, Paragraph 27.1 of the Franchise Agreement clearly states that all disputes and claims relating to any provision of the Franchise Agreement shall be settled by arbitration, and that each of Plaintiff's claims was subject to this provision.  Plaintiff has not demonstrated that this holding should not apply in the instant case as well.  Plaintiff argues that the Kiddie Academy Defendants indicated their choice not to arbitrate by filing the January 10, 2011, law suit against in Harford County, Maryland.  Paragraph 27.1 of the Franchise Agreement clearly states, however, that actions to recover payments under the personal guaranty signed by Plaintiff are exempt from the arbitration provision.  The Kiddie Academy Defendants' suit against Plaintiff is an action to recover payment under the personal guaranty, and accordingly, the Kiddie Academy Defendants have not in any way waived the arbitration provision.  Further, Paragraph 27.3 of the Franchise Agreement provides for a one year statute of limitations period.  Specifically, the Franchise Agreement states:

> If the Franchisee fails to give written notice to the other requesting arbitration under this section within one (1) year of the occurrence of the action or event giving rise to the dispute, any claim . . . shall be deemed barred unless prohibited by law, and no further relief, whether by way of arbitration or action or defense in any court, shall be permitted.

In this case, Plaintiff alleges that all of the facts relevant to his Complaint occurred in 2006. Plaintiff provides no reason why this statute of limitations provision should not be enforced.  Plaintiff's claims are therefore barred as untimely.

Finally, even granting Plaintiff considerable leeway for his pro se status, the Court finds that Plaintiff's allegations do not meet the requisite pleading requirements.  Plaintiff pleads no facts to

-8-

support his Securities Act allegations, beyond the simple statement that "The conduct of the defendants has caused actual damages to plaintiff by defendants violation of the Securities and Exchange Acts of 1933, 1934 . . . ."  Nor does Plaintiff allege any sort of pattern of racketeering activity to support his RICO Act violation theories, and beyond the bare statement that Defendants committed bank fraud, mail fraud, wire fraud, and loan and credit application fraud, Plaintiff does not indicate what facts form the predicate acts of those theories.  Plaintiff similarly fails to provide a sufficient factual basis to raise his right to relief under the New Jersey Franchise Practices Act and the New Jersey Consumer Fraud Act above a speculative level.  Finally, Plaintiff's common law fraud claims do not satisfy particularity requirements set forth in FED. R. CIV. P. 9(b).  Accordingly, the Kiddie Academy Defendants' Motion will be granted.

IV.    **CONCLUSION**

　　　　For the foregoing reasons, Defendants' Motions to Dismiss are **granted**.  An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　　  S/ Dennis M. Cavanaugh
　　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.


Date:　　　　March　　28　,  2012
Orig.:　　　　Clerk
cc:　　　　　All Counsel of Record
　　　　　　Hon. Joseph A. Dickson, U.S.M.J.
　　　　　　File